988 F.2d 128
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jeff D. TURNER, Claimant-Appellant,
v.
Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 92-7091.
 United States Court of Appeals, Federal Circuit.
 Dec. 22, 1992.
 
 3 Vet.App. 208.
 DISMISSED.
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 SCHALL, Circuit Judge.
 
 ORDER
 
 1
 The Acting Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 2(d) and to dismiss Jeff D. Turner's appeal for lack of jurisdiction. Turner opposes.
 
 
 2
 In 1954, and again in 1984, the Veterans Administration regional office denied Turner's claim for service connection benefits for an umbilical hernia on the ground that the hernia existed prior to his military service. In January 1987, the Board of Veterans Appeals denied Turner's claim of service connection for a heart disorder. On October 23, 1990, the Board denied Turner's claim of service connection for a head injury, heart condition, stomach disorder, umbilical hernia, and blood disorder. On July 28, 1992, the Court of Veterans Appeals summarily affirmed the Board's decision, finding that it was well supported by the evidence. The Court of Veterans Appeals denied Turner's motion for panel review on September 11, 1992, determining that Turner's new submission related to his application for correction of military records which was separate from his claim for veteran's benefits. Turner appealed to this court.
 
 
 3
 In his informal brief, Turner claims that the Department of Veterans Affairs failed to consider certain facts, and that the Court of Veterans Appeals should have reversed the denial of his benefits. Turner also asserts that the correct law was not applied to his case.
 
 
 4
 This court has limited authority to review decisions of the Court of Veterans Appeals. In the absence of a challenge to the validity or interpretation of a statute or regulation, this court has no authority to review the issues presented in Turner's appeal. Livingston v. Derwinski, 959 F.2d 224, 226 (Fed.Cir.1992). Neither Turner's informal brief nor his opposition contains a challenge to the validity or interpretation of a statute or regulation that this court may review. Turner's appeal, therefore, is not within the jurisdiction of this court.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(d) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.